UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**LISA LAMARRE,**    CASE NO: _____

    **Plaintiff,**

vs.

**CITY OF FORT PIERCE,**

    **Defendant.**
_____/

## PETITION FOR REMOVAL AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, CITY OF FORT PIERCE, by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1441(a), respectfully petitions this Court for removal of the above-styled civil action, and states as follows:

1. The petitioner has been named as a Defendant in a civil action in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida styled as above, Case Number 56-2023-CA-001949.

2. Service of process was originally made on the Defendant, CITY OF FORT PIERCE, on June 26, 2023.

3. Pursuant to 28 U.S.C. § 1331, § 1441, and § 1446, a civil action may be removed to a federal district court where there are federal questions brought under the Constitution or an act of Congress. Pursuant to the rules governing

removals, generally all defendants must consent to the removal within 30 days of service of the last summons.  That is, thirty (30) days after proper service of process on the last Defendant to be served, the last party served may remove the case, to which other defendants may consent.

4. Plaintiff's initial Complaint was served on the CITY OF FORT PIERCE, on June 26, 2023, alleging violations under Title VII of the Civil Rights Act of 1964, as well as claims under the Florida Civil Rights Acts.

5. Pursuant to 28 U.S.C. §1446(a) and 1447(b), copies of all papers filed in the state court action are attached hereto.

6. This Court has original jurisdiction in the above-entitled action pursuant to the provisions of Title 28, U.S.C. §1331 and §1343(a)(3), as this is a civil action arising under the Constitution, common laws or treatises of the United States.

7. This notice of removal is filed with this court within thirty (30) days of Plaintiff's Complaint being served and is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

8. To the extent Plaintiff has alleged a claim under Florida State law, pursuant to 28 U.S.C. §1367(a), Defendant requests the Court to exercise its supplemental jurisdiction over the Florida State law claim arising out of the same incident as the Federal Civil rights claim.

## **MEMORANDUM OF LAW**

### **Statement of the Case**

The instant action is a civil action brought by Plaintiff alleging violations under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff also alleges various claims under Florida law.

### **Federal Court Jurisdiction**

This court has jurisdiction of this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3). Section 1331 and the pertinent parts of §1343 state as follows:

> §1331.  Federal question.
>
> The Federal District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.
>
> §1343.  Civil rights and elective franchise.
>
> (a)  The District Courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:…
>
> (3)  To redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

Because Plaintiff's Complaint alleges violations against Defendant of Plaintiff's rights under federal law, this Court has original jurisdiction of the civil action alleged in Plaintiff's Complaint.

3

## **Removal**

This is an action which may properly be removed to this court pursuant to 28 U.S.C. §1441.  28 U.S.C. §1441(a) states:

> Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants, to the District Court of the United States for the district and division embracing the place where such action is pending . . .

Given that this action is one over which the United States District Court for the Southern District of Florida enjoys original jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a) (3), this case may be removed from the Circuit Court of the Nineteenth Judicial Circuit, in and for St. Lucie County, Florida, to the United States District Court for the Southern District of Florida, Fort Pierce Division, pursuant to 28 U.S.C. §1441.  Such removal would be performed pursuant to the terms of 28 U.S.C. §1446(a) which provides:

> A Defendant or Defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the District Court of the United States for the district and division within which such action is pending a Notice of Removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such Defendant or Defendants in such action.

In the instant case, Defendant has filed a notice which complies with the requirements of 28 U.S.C. §1446(a) in that it sets forth the facts that show that this court has jurisdiction and that this case is subject to removal.  Additionally, attached to this notice is a copy of all process, pleadings and other documents served upon Defendant in the state court action.

## Timeliness of Removal

28 U.S.C. §1446(b) requires that a notice of removal of a civil action or proceeding shall be filed within thirty (30) days after receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.  The Defendant, CITY OF FORT PIERCE was served with Plaintiff's Complaint on June 26, 2023, which is less than thirty days from the date of this notice of removal.

## Pendent State Law Claims

28 U.S.C. Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

In the instant action, Plaintiff has alleged violations of Florida laws, which are joined and arise out of the same set of facts as Plaintiff's Federal claims. Accordingly, Defendant requests that this Court accept supplemental jurisdiction as to the state law claims set forth in Plaintiff's Complaint.

**Filing of Removal Papers**

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to plaintiff, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Duval County, Florida. A true and correct copy of this Notice is attached.

**I HEREBY CERTIFY** that on July 17, 2023, the foregoing was filed through the Florida Courts E-Filing Portal which will provide notice to Amanda E. Heystek, Esq., Wenzel, Fenton, Cabassa, P.A., 1110 N. Florida Avenue, Suite 300, Tampa, FL. 33602.

*s/Douglas T. Noah*
DOUGLAS T. NOAH, ESQ.
Florida Bar No. 0863970
PATRICIA M. REGO CHAPMAN, ESQ.
Florida Bar No. 085309
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
DNoah@drml-law.com
PChapman@drml-law.com
Attorneys for Defendant