**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL DIVISION**

LISA LAMARRE,                                   CASE NO:  2023-CA-001949

     Plaintiff,

vs.

CITY OF FORT PIERCE,

     Defendants.

_____/

**DEFENDANT, CITY OF FORT PIERCE'S
NOTICE OF FILING NOTICE OF REMOVAL**

Defendant, CITY OF FORT PIERCE, by and through undersigned counsel, hereby gives

notice of filing of CITY OF FORT PIERCE'S Notice of Removal of this action from the Circuit

Court in and for St. Lucie County, Florida to the U.S. District Court for the Southern District of

Florida. A copy of the Notice of Removal filed in the Southern District of Florida is attached

hereto.

     **I HEREBY CERTIFY** that on July 17, 2023, the foregoing was filed through the Florida

Courts E-Filing Portal which will provide notice to Amanda E. Heystek, Esq., Wenzel, Fenton,

Cabassa, P.A., 1110 N. Florida Avenue, Suite 300, Tampa, FL. 33602.

                         *s/Douglas T. Noah*
                         DOUGLAS T. NOAH, ESQ.
                         Florida Bar No. 0863970
                         PATRICIA M. REGO CHAPMAN, ESQ.
                         Florida Bar No. 085309
                         Dean, Ringers, Morgan & Lawton, P.A.
                         Post Office Box 2928
                         Orlando, Florida 32802-2928
                         Tel:  407-422-4310    Fax:  407-648-0233
                         DNoah@drml-law.com
                         PChapman@drml-law.com
                         Attorneys for Defendant

**UNITED STATES DISTRICT COURT
SOUTHERN   DISTRICT OF FLORIDA
FORT PIERCE   DIVISION**

**LISA LAMARRE   ,**                    **CASE NO:** _____

      **Plaintiff ,**

**vs.**

**CITY OF FORT PIERCE   ,**

      **Defendant .**
_____/

**PETITION FOR REMOVAL AND
MEMORANDUM OF LAW IN SUPPORT          THEREOF**

Defendant,  CITY OF FORT PIERCE, by and through its undersigned

attorneys and pursuant to 28 U.S.C. § 1441(a), respectfully petitions this Court for

removal of the above -styled civil action, and states as follows:

1.      The petitioner has been named as a Defendant in a civil action in the

Circuit Court of the Nineteenth  Judicial Circuit in and for St. Lucie County,

Florida styled as above, Case Number  56-2023-CA-001949.

2.      Service of process was originally made on   the Defendant,  CITY OF

FORT PIERCE, on June 26, 2023.

3.      Pursuant to 28 U.S.C. § 1331, § 1441, and § 1446, a civil action may be

removed to a federal district court where there are federal questions brought

under the Constitution or an act of Congress.  Pursuan t to the rules governing

removals, generally all defendants must consent to the removal within 30 days of service of the last summons.   That is, thirty (30) days after proper service of process on the last Defendant to be served, the last party served may     remove the case, to which other defendants may consent.

4.   Plaintiff's initial Complaint was served on   the CITY OF FORT PIERCE, on June 26, 2023, alleging violations   under Title VII of the Civil Rights Act of 1964, as well as claims under the Florida Civil   Rights Acts.

5.   Pursuant to 28 U.S.C. §1446(a) and 1447(b), copies of all papers filed in the state court action are attached hereto.

6.   This Court has original jurisdiction in the above -entitled action pursuant to the provisions of Title 28, U.S.C. §1331 and §  1343(a)(3), as this is a civil action arising under the Constitution, common laws or treatises of the United States.

7.   This notice of removal is filed with this court within thirty (30) days of Plaintiff's Complaint being served and is, therefore, timely pur  suant to 28 U.S.C. § 1446(b).

8.   To the extent Plaintiff has alleged a claim under Florida State law, pursuant to 28 U.S.C. §1367(a), Defendant requests the Court to exercise its supplemental jurisdiction over the Florida State law claim arising out of the sa    me incident as the Federal Civil rights claim.

## MEMORANDUM OF LAW

### Statement of the Case

The instant action is a civil action brought by Plaintiff alleging violations under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff also alleges various claims under Florida law.

### Federal Court Jurisdiction

This court has jurisdiction of this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3). Section 1331 and the pertinent parts of §1343 state as follows:

§1331. Federal question.

The Federal District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

§1343. Civil rights and elective franchise.

(a) The District Courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: ...

(3) To redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

Because Plaintiff's Complaint alleges violations against Defendant of Plaintiff's rights under federal law, this Court has original jurisdiction of the civil action alleged in Plaintiff's Complaint.

3

## **Removal**

This is an action which may properly be removed to this court pursuant to 28 U.S.C. §1441.  28 U.S.C. §1441(a) states:

> Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants, to the Di strict Court of the United States for the district and division embracing the place where such action is pending . . .

Given that this action is one over which the United States District Court for the Southern District of Florida enjoys original jurisdic tion pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a) (3), this case may be removed from the Circuit Court of the Nineteenth  Judicial Circuit, in and for St. Lucie County, Florida, to the United States District Court for the  Southern District of Florida, Fort Pierce Division, pursuant to 28 U.S.C. §1441.   Such removal would be performed pursuant to the terms of 28 U.S.C. §1446(a) which provides:

> A Defendant or Defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the District Court of the United States for the district and division within which such action is pending a Notice of Removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the groun ds for removal, together with a copy of all process, pleadings and orders served upon such Defendant or Defendants in such action.

In the instant case, Defendant has filed a notice which complies with the requirements of 28 U.S.C. §1446(a) in that it set s forth the facts that show that this court has jurisdiction and that this case is subject to removal.   Additionally, attached to this notice is a copy of all process, pleadings and other documents served upon Defendant in the state court action.

## Timeline ss of Removal

28 U.S.C. §1446(b) requires that a notice of removal of a civil action or proceeding shall be filed within thirty (30) days after receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.     The Defendant, CITY OF FORT PIERCE, was served with Plaintiff's Complaint on    June 26, 2023, which is less than thirty days from the date of this notice of removal.

## Pendent State Law Claims

28 U.S.C. Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemen tal jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction sh all include claims that involve the joinder or intervention of additional parties.

In the instant action, Plaintiff has alleged violations of Florida laws, which are joined and arise out of the same set of facts as Plaintiff's Federal claims. Accordingly, Defendant request s that this Court accept supplemental jurisdiction as to the state law claims set forth in Plaintiff's Complaint.

**Filing of Removal Papers**

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly ser ved to plaintiff, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for    Duval County, Florida.  A true and correct copy of this Notice is attached.

**I HEREBY CERTIFY**    that on  July 17, 2023, the foregoing was filed through the  Florida  Courts  E-Filing  Portal  which  will  provide  notice  to  Amanda  E. Heystek,  Esq.,  Wenzel,  Fenton,  Cabassa,  P.A.,  1110  N.  Florida  Avenue,  Suite  300, Tampa, F L. 33602.

_s/Douglas T. Noah_
DOUGLAS T. NOAH , ESQ.
Florida Bar No. 0863970
PATRICIA M. REGO CHAPMAN, ESQ.
Florida Bar No. 085309
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
DNoah@drml-law.com
PChapman@drml-law.com
Attorneys for Defendant

**2023CA001949 - HEYSTEK, AMANDA E vs. CITY OF FORT PIERCE**

## SUMMARY

| | | |
|---|---|---|
| **Judge:** | **Court Type:** | **Case Type:** |
| WARONICKI, BRETT M | Circuit Civil | DISCRIMINATION-EMPLOYMNT/OTHER |
| **Case Number:** | **Uniform Case Number:** | **Status:** |
| 2023CA001949 | 562023CA001949AXXXHC | OPEN |
| **Clerk File Date:** | **Status Date:** | **Waive Speedy Trial:** |
| 6/23/2023 | 6/23/2023 | ☐ |
| **Total Fees Due:** | **Custody Location:** | **Agency:** |
| 0.00 | | |
| **Agency Report Number:** | | |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | HEYSTEK, AMANDA E | HEYSTEK, AMANDA E (Main Attorney) |
| DEFENDANT | CITY OF FORT PIERCE | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT | |
|---|---|---|---|---|---|
| | | No Events on Case | | | |

## CASE DOCKETS

| IMAGE | DIN | DATE | ENTRY |
|---|---|---|---|
| | 9 | 6/23/2023 | "RECIPIENTS: HEYSTEK, AMANDA E - SUBJECT: SERVICE OF COURT DOCUMENT - 2023CA001949, HEYSTEK, AMANDA E VS. CITY OF FORT PIERCE - ATTACHMENT COUNT: 1 - EMAIL DOCKET DESCRIPTIONS: SUMI-6/23/2023" |
| ◉ 2 | 8 | 6/23/2023 | SUMMONS ISSUED |
| | 7 | 6/23/2023 | CIRCUIT JUDGE WARONICKI, BRETT M: ASSIGNED |
| ◉ 2 | 6 | 6/23/2023 | SUMMONS TO BE ISSUED BY CLERK |
| ◉ 2 | 5 | 6/23/2023 | DESIGNATION OF EMAIL ADDRESS |
| ◉ 8 | 4 | 6/23/2023 | COMPLAINT |
| ◉ 3 | 3 | 6/23/2023 | CIVIL COVER SHEET |
| | 2 | 6/23/2023 | PLAINTIFF ATTORNEY: HEYSTEK, AMANDA E ASSIGNED |
| | 1 | 6/23/2023 | CASE FILED 06/23/2023 CASE NUMBER 2023CA001949 |
| | 10 | 6/23/2023 | PAYMENT $410.00 RECEIPT #2023000053165 RECEIVED FOR FILING NUMBER 175994182 VIA FILINGPAYMENTS20230623235959.TXT. |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINETEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>ST. LUCIE</u>  COUNTY, FLORIDA

<u>LISA LAMARRE</u>
Plaintiff

Case # <u>562023CA001949AXXXHC</u>

Judge <u>Brett M Waronicki</u>

vs.

<u>CITY OF FORT PIERCE</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  4

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Amanda Erin Heystek</u>        Fla. Bar # <u>285020</u>
          Attorney or party                       (Bar # if attorney)

<u>Amanda Erin Heystek</u>          <u>06/23/2023</u>
  (type or print name)               Date

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL DIVISION

LISA LAMARRE,

     Plaintiff,

                                   CASE NO.: 562023CA001949AXXXHC

v.

CITY OF FORT PIERCE,

     Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff, LISA LAMARRE, by and through undersigned counsel, brings this action against Defendant, CITY OF FORT PIERCE, and in support of her claims states as follows:

## **JURISDICTION AND VENUE**

1.     This is an action for damages in excess of $50,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.* and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*

2.     Venue is proper in St. Lucie County, because all of the events giving rise to these claims occurred in this County.

## **PARTIES**

3.     Plaintiff is a resident of St. Lucie County, Florida.

4.     Defendant is a municipal entity located in St. Lucie County, Florida.

## **GENERAL ALLEGATIONS**

5.     Plaintiff has satisfied all conditions precedent, or they have been waived.

6.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.      Plaintiff requests a jury trial for all issues so triable.

8.      At all times material hereto, Plaintiff was an employee of Defendant.

9.      At all times material hereto, Defendant employed fifteen (15) or more employees.

Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7),

and Title VII, 42 U.S.C. § 2000e(b).

## FACTS

10.      Plaintiff began working for Defendant in October 2021 as a Recording and Grants

Specialist, and she worked in this capacity until February 9, 2022.

11.       Plaintiff is white.

12.      Thus, Plaintiff is a member of a protected class, and as such benefits from the

protections of the FCRA and Title VII.

13.      Plaintiff performed the job for which she was hired in a satisfactory manner.

14.      At various points throughout Plaintiff's tenure with Defendant, she was subjected

to discrimination based on her race.

15.      Some of Plaintiff's non-white coworkers made racially charged statements about

white people.

16.      By way of example and not limitation, on or about December 29, 2021, Jeronda

Benjamin commented that a white grant recipient who called in regarding the status of her grant

was a "Karen" who was "coming for her money."

17.      When Plaintiff informed Benjamin and her supervisor Brittany Marinello that

they should not be speaking about the grant recipients in a discriminatory manner, Marinello told

Plaintiff that she should know the stereotype.

2

18.     Later that day, Benjamin approached Plaintiff and said that Plaintiff knows that if that recipient was black, she would not have been calling on the first day her grant was supposed to be available.

19.     Thus, Plaintiff was subjected to discrimination treatment on the basis of her race.

20.     On or about January 6, 2022, Plaintiff met with Finance Director Johnna Morris to make a complaint about the discriminatory comments to which she was subjected.

21.     Throughout this meeting, Morris was dismissive of Plaintiff's complaints and remarked several times that maybe Plaintiff was not the right fit for the city.

22.     After this meeting, Plaintiff was retaliated against by being isolated from her coworkers and kept out of meetings that were related to her job duties.

23.     On or about January 25, 2022, Defendant further retaliated against Plaintiff for making complaints about discrimination by terminating her employment for a pretextual reason.

24.     Plaintiff appealed her termination and was interviewed by Defendant's Human Resources Director Kevin Browning. During the interview, Browning attempted to intimidate Plaintiff by slamming his hand on the table and repeating questions to the point that it triggered Plaintiff's anxiety and post-traumatic stress disorder.

25.     Defendant did not investigate Plaintiff's complaints in good faith and proceeded with her termination on or about February 9, 2022.

## COUNT I – FCRA VIOLATION
### (DISCRIMINATION)

26.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27.     Plaintiff is a member of a protected class under the FCRA.

3

28.     Plaintiff was subjected to disparate treatment on account of her race, including being subjected to discriminatory comments about her race and terminated.

29.     Defendant's actions were willful and done with malice.

30.     Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and this Court take jurisdiction over the case;

    c)    Compensation for lost wages, benefits, and other remuneration;

    d)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e)    Any other compensatory damages, including emotional distress, allowable at law;

    f)    Punitive damages;

    g)    Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

<u>**COUNT II – FCRA RETALIATION**</u>

31.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

32.     Plaintiff is a member of a protected class under the FCRA.

33.     Plaintiff engaged in protected activity under the FCRA by complaining about the discrimination she experienced.

34.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment.

35.     Defendant's actions were willful and done with malice.

36.     By terminating her employment, Defendant took material adverse action against Plaintiff.

37.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f)     Front pay;

g)     Any other compensatory damages, including emotional distress, allowable at law;

h)     Punitive damages;

i)     Prejudgment interest on all monetary recovery obtained.

j)     All costs and attorney's fees incurred in prosecuting these claims; and

k)     For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION
### (RACE DISCRIMINATION)

38.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

39.     Plaintiff is a member of a protected class under Title VII.

40.     Plaintiff was subjected to disparate treatment on the basis of her race, including being subjected to discriminatory comments about her race and terminated.

41.     Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

42.     Defendant's actions were willful and done with malice.

43.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      An injunction restraining continued violation of Title VII by Defendant;

d)      Compensation for lost wages, benefits, and other remuneration;

e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)      Any other compensatory damages, including emotional distress, allowable at law;

g)      Punitive damages;

h)      Prejudgment interest on all monetary recovery obtained.

i)      All costs and attorney's fees incurred in prosecuting these claims; and

j)      For such further relief as this Court deems just and equitable.

## **COUNT IV – TITLE VII RETALIATION**

44.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

45.     Plaintiff is a member of a protected class under Title VII.

46.     Plaintiff exercised or attempted to exercise her rights under Title VII by objecting to the racial discrimination that she experienced, thereby engaging in protected activity under Title VII.

47.     Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

48.     Defendant's actions were willful and done with malice.

49.     In terminating her employment, Defendant took material adverse action against Plaintiff.

50.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d)      That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e)      Compensation for lost wages, benefits, and other remuneration;

f)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g)    Front pay;

h)    Any other compensatory damages, including emotional distress, allowable at law;

i)    Punitive damages;

j)    Prejudgment interest on all monetary recovery obtained.

k)    All costs and attorney's fees incurred in prosecuting these claims; and

l)    For such further relief as this Court deems just and equitable.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands trial by jury as to all issues so triable.

Dated this 22nd day of June, 2023.

Respectfully submitted,

*/s/ Amanda E. Heystek*
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: aheystek@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL DIVISION**

LISA LAMARRE,
    **Plaintiff,**

                             **Case No.:** 562023CA001949AXXXHC

**v.**                                **Division:**

CITY OF FORT PIERCE
    **Defendant.**
_____/       **SUMMONS**

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

        **YOU ARE HEREBY COMMANDED** to serve this Summons; a copy of the Complaint; Notice of Email Designation in this action on Defendant:

**CITY OF FORT PIERCE
c/o Tanya Earley, City Attorney
100 N. U.S. Highway 1
Fort Pierce, FL 34950**

        Each Defendant is required to serve written defenses to the complaint or petition on Amanda E. Heystek, Plaintiff's attorney, whose address is Wenzel Fenton Cabassa 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602 within 20[1] days after the service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter.  If Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED 6/22/2023.

| | |
|---|---|
| Printed: Amanda E. Heystek<br>Address: Wenzel Fenton Cabassa, P.A.<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>Florida Bar No.: 0285020<br>E-mail: aheystek@wfclaw.com | **MICHELLE R. MILLER**<br> As Clerk of the Court<br><br>By: _____<br>As Deputy Clerk |

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact Corrie Johnson, ADA Coordinator, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL (772) 807-4370 at least 7 days before your scheduled court appearance or immediately upon receiving an official notification; if you are hearing or voice impaired call 711.**

---

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days.  When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

## **IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA
GENERAL CIVIL DIVISION

LISA LAMARRE,

       Plaintiff,                   CASE NO.:  562023CA001949AXXXHC

v.                                DIVISION:

CITY OF FORT PIERCE,

       Defendant.

_____/

**NOTICE OF DESIGNATION OF E-MAIL**
**ADDRESSES FOR SERVICE OF COURT DOCUMENTS**

Plaintiff, LISA LAMARRE, by and through undersigned counsel, files this Notice of Designation of E-Mail Addresses for Service of Court Documents under Florida Rule of Judicial Administration 2.516(b)(1)(A), and hereby designates the following e-mail addresses to be used for service of all court filings in this action: aheystek@wfclaw.com and  rcooke@wfclaw.com.

Dated this 22nd day of June, 2023.

                                          Respectfully submitted,

                                         *s/ Amanda E. Heystek*

                                        **Amanda E. Heystek**
Florida Bar No.0285020
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: (813) 379-2560
Email: aheystek@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL DIVISION**

**LISA LAMARRE,**
      **Plaintiff,**

                                  **Case No.:** 562023CA001949AXXXHC

**v.**                                  **Division:**

**CITY OF FORT PIERCE**
      **Defendant.**
_____/

                                    **<u>SUMMONS</u>**

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons; a copy of the Complaint; Notice of Email Designation in this action on Defendant:

**CITY OF FORT PIERCE**
**c/o Tanya Earley, City Attorney**
**100 N. U.S. Highway 1**
**Fort Pierce, FL 34950**

      Each Defendant is required to serve written defenses to the complaint or petition on Amanda E. Heystek, Plaintiff's attorney, whose address is Wenzel Fenton Cabassa 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602 within 20[1] days after the service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED 6/23/2023.

| | |
|---|---|
| Printed: Amanda E. Heystek<br>Address: Wenzel Fenton Cabassa, P.A.<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>Florida Bar No.: 0285020<br>E-mail: aheystek@wfclaw.com | **MICHELLE R. MILLER**<br> As Clerk of the Court<br><br>By: _Mary K Fee_____<br>As Deputy Clerk |

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Corrie Johnson, ADA Coordinator, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL (772) 807-4370 at least 7 days before your scheduled court appearance or immediately upon receiving an official notification; if you are hearing or voice impaired call 711.**

---

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

## **IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.