UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

LISA LAMARRE,                                                    CASE NO:  2:23-cv-14204-JEM

    Plaintiff,

vs.

CITY OF FORT PIERCE,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant CITY OF FORT PIERCE, by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and states the following:

1. Admitted for jurisdictional purposes only. All other inferences and allegations arising thereform are denied.

2. Admitted for venue purposes only. All other inferences and allegations arising thereform are denied.

## PARTIES

3. Without knowledge, therefore denied.

4. Admitted that Defendant is a municipality entity located in St. Lucis County, Florida. All other inferences and allegations arising thereform are denied.

## GENERAL ALLEGATIONS

5. Denied.

6. Denied.

7. Denied.

8. Admitted that Plaintiff was employed by City of Fort Pierce. All other inferences and allegations arising thereform are denied.

9. Admitted for jurisdictional purposes only. All other inferences and allegations arising thereform are denied.

## FACTS

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## **COUNT I – FCRA VIOLATION (DISCRIMINATION)**

26. Defendant reasserts its answers contained in paragraphs 1 through 25 as though fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## **COUNT II – FCRA RETALIATION**

31. Defendant reasserts its answers contained in paragraphs 1 through 25 as though fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## **COUNT III – TITLE VII VIOLATION (RACE DISCRIMINATION)**

38. Defendant reasserts its answers contained in paragraphs 1 through 25 as though fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## **COUNT IV – TITLE VII RETALIATION**

44. Defendant reasserts its answers contained in paragraphs 1 through 25 as though fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## AFFIRMATIVE DEFENSES

51. As its first Affirmative Defense, Defendant would assert that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

52. As its second Affirmative Defense, Defendant would assert that Plaintiff failed to exhaust the administrative requirements prescribed by the Title VII and the Florida Civil Rights Act, and, therefore, is not entitled to pursue claims against Defendant.

53. As its third Affirmative Defense, Defendant would assert that Plaintiff has failed to mitigate her damages, if any, and as such, the Defendant is entitled to a set-off equal to that amount.

54. As its fourth Affirmative Defense, Defendant would assert that it has a well-disseminated and consistently enforced policy against discrimination, harassment, and retaliation, as well as a reasonable and available procedure for receiving and investigating alleged complaints of discrimination. To the extent that Plaintiff failed to use or otherwise avail herself of these policies and procedures, her claims are barred.

55. As its fifth Affirmative Defense, Defendant would assert that any employment decision, comment, or action of which Plaintiff complains was

based on legitimate grounds in furtherance of the efficiency and operations of City of Fort Pierce's provision of service to residents.

56. As its sixth Affirmative Defense, Defendant would assert that Plaintiff's Complaint is barred because any actions taken by Defendant, if any, against Plaintiff were based on legitimate, non-discriminatory, and reasonable factors.

57. As its seventh Affirmative Defense, Defendant asserts that even if the incidence of which she complains is accurate and were in retaliation for some action in which she engaged, such action did not arise to the level of protected activity contemplated by 42 U.S.C. §2000e-3(a) or Fla. Stat. §760.10(7).

58. As its eighth Affirmative Defense, this Defendant would assert that Plaintiff cannot prove that Defendant's alleged discriminatory and/or retaliatory act or acts were the cause of damages sustained by the Plaintiff.

59. As its ninth Affirmative Defense, this Defendant would assert that Plaintiff did not engage in any protected activity within the meaning of 42 U.S.C. § 2000e-3(a); any actions taken by the City of Fort Pierce were not causally related to any protected activity; and the City of Fort Pierce's actions at all times were taken for non-discriminatory, legitimate business reasons.

60. As its tenth Affirmative Defense, to the extent Plaintiff's Complaint asserts recovery for the incidents complained of under a theory of retaliation,

Defendant asserts that the actions complained of would have occurred for other reasons including Plaintiff's performance and policy infractions even in the absence of consideration of Plaintiff's protected activity.

61.   As its eleventh Affirmative Defense, this Defendant would assert that Plaintiff reasonably failed to follow the policy and grievance procedures available to her in regard to her complaints and, therefore, is barred from recovering against this Defendant.

62.   As its twelfth Affirmative Defense, Defendant asserts that Plaintiff has failed to mitigate her damages by making a good-faith effort to conduct an effective job search for similar employment and by failing to avail herself of available mental and emotional health services.

63.   As its thirteenth Affirmative Defense, Defendant asserts that Plaintiff's Second Amended Complaint is barred in whole or in part because the City neither knew of, created, nor permitted the existence of workplace discrimination which was sufficiently severe or pervasive so as to alter the working conditions of its employees.

64.   As its fourteenth Affirmative Defense, Defendant asserts that Plaintiff cannot demonstrate or prove that Defendant's reasons for adverse action were pretext for unlawful discrimination or retaliation.

65. As its fifteenth Affirmative Defense, Defendant asserts that it would have derived and executed the same decisions with respect to Plaintiff's employment absent any unlawful discrimination or retaliation.

66. As its sixteenth Affirmative Defense, this Defendant would assert that Plaintiff cannot prove that Defendant's alleged discriminatory and/or retaliatory act or acts were the cause of damages sustained by the Plaintiff.

67. As its seventeenth Affirmative Defense, this Defendant would assert that Plaintiff's claims alleging discrimination in violation of Chapter 760, Florida Statutes, are determined in accordance with case law interpreting Title VII of the Civil Rights Act of 1964, as amended and, therefore, the defenses pled herein with respect to Plaintiff's Title VII claims are specifically incorporated by reference herein as to Plaintiff's claims under Chapter 760, Florida Statutes.

68. As its eighteenth Affirmative Defense, this Defendant would assert its right to amend its Answer and to add Affirmative Defenses or counterclaims which may become known during discovery.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury as to all issues so triable.

WHEREFORE, Defendant CITY OF FORT PIERCE, respectfully requests that this Honorable Court deny Plaintiff's prayer for relief and dismiss Plaintiff's Complaint with prejudice.

**I HEREBY CERTIFY** that on July 24, 2023, the foregoing was electronically filed through the CM/ECF Portal which will send a notice of electronic filing to Amanda E. Heystek, Esq., Wenzel, Fenton, Cabassa, P.A., 1110 N. Florida Avenue, Suite 300, Tampa, FL. 33602.

                                            */s/ Patricia Rego Chapman*
PATRICIA REGO CHAPMAN, ESQ.
Florida Bar No. 0085309
DOUGLAS T. NOAH, ESQ.
Florida Bar No. 0863970
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
PChapman@DRML-Law.com
DNoah@DRML-Law.com
Jillian@drml-law.com
Attorneys for Defendant