UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

LISA LAMARRE,                                    CASE NO.:  2:23-cv-14204-JEM

     Plaintiff,

vs.

CITY OF FORT PIERCE,

     Defendant.

_____/

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES IN COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant CITY OF FORT PIERCE, by and through undersigned counsel, hereby moves the Court for an Order striking Plaintiff's claims for punitive damages and would state as follows:

1.    In this matter, Plaintiff has asserted the following claims against Defendant City of Fort Pierce:

    I.    Count I- FCRA Violation (Discrimination)

    II.    Count II- FCRA Retaliation

    III.    Count III- Title VII Violation (Race Discrimination)

    IV.    Count IV- Title VII Retaliation

2.      Within each of the above Counts, Plaintiff requests, among other things, punitive damages. Plaintiff has no right to punitive damages and, therefore, her request should be stricken pursuant to Fed. R. Civ. P. 12(f).

**MEMORANDUM OF LAW**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts can strike these allegations when they have no possible relation to the controversy and may prejudice one or more of the parties. *See Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995).

Within each of Plaintiff's Counts, among other things, Plaintiff's requests punitive damages. However, because City of Fort Pierce is a local governmental entity of the State of Florida, punitive damages are not available against it under FCRA or Title VII.

Title VII authorizes a complaining party to recover punitive damages against a respondent <u>other than a government, government agency, or political subdivision</u>. 42 U.S.C. § 1981a(b)(1)(emphasis added); *see also Whetstone v. Alachua County School Board*, Case No. 1:14cv156-MW/GRJ, 2015 WL 4619619, at *8 (N.D. Fla. July 31, 2015) (punitive damages not available against a government entity under Title VII). *See Thompson v. City of Muscle Shoals, Ala.*, Case No. 3:12-

CV-01686-CLS, 2012 WL 4815466 (N.D. Ala. Oct. 10, 2012) (ruling that the "blackletter law of this Circuit" is that punitive damages are not recoverable against governmental entities under, among others, the Pregnancy Discrimination Act). Furthermore under Fla. Stat. § 768.28(5)(a), punitive damages are not available against a government entity for any claims arising under Florida law. Accordingly, because punitive damages are not available against the Defendant under any possible theory Plaintiff has possibly asserted, Plaintiff's claim for punitive damages must be stricken.

WHEREFORE, Defendant City of Fort Pierce respectfully requests this Court enter an order striking Plaintiff's claims for punitive damages.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to M.D. Local Rule 3.01(g), counsel for City for Fort Pierce attempted to confer with Plaintiff's counsel in a good faith effort to resolve the issues raised in the motion to strike without the need for court intervention. Defendant's counsel was unable to reach Plaintiff's counsel. Defendant's counsel shall amend this Motion once Defendant is able to reach Plaintiff's counsel.

**I HEREBY CERTIFY** that on July 24, 2023, the foregoing was electronically filed through the CM/ECF Portal which will send a notice of electronic filing to Amanda E. Heystek, Esq., Wenzel, Fenton, Cabassa, P.A., 1110 N. Florida Avenue, Suite 300, Tampa, FL. 33602.

/s/ Patricia Rego Chapman

PATRICIA REGO CHAPMAN, ESQ.
Florida Bar No. 0085309
DOUGLAS T. NOAH, ESQ.
Florida Bar No. 0863970
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
PChapman@DRML-Law.com
DNoah@DRML-Law.com
Jillian@drml-law.com
Attorneys for Defendant

4